NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――

**IMPERIUM IP HOLDINGS (CAYMAN), LTD.,**
*Plaintiff-Appellee*

**v.**

**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC.,**
*Defendants-Appellants*

―――――――――

2018-1923

―――――――――

Appeal from the United States District Court for the Eastern District of Texas in No. 4:14-cv-00371-ALM, Judge Amos L. Mazzant, III.

―――――――――

Decided: January 31, 2019

―――――――――

ROY WILLIAM SIGLER, Fisch Sigler, LLP, Washington, DC, argued for plaintiff-appellee. Also represented by JEFFREY MATTHEW SALTMAN, JOHN T. BATTAGLIA, MATTHEW R. BENNER, ALAN M. FISCH.

DOUGLAS HALLWARD-DRIEMEIER, Ropes & Gray LLP, Washington, DC, argued for defendants-appellants. Also represented by SAMUEL LAWRENCE BRENNER, COURTNEY

M. COX, Boston, MA; JESSE J. JENNER, STEVEN PEPE, KEVIN JOHN POST, New York, NY.

_____

Before DYK, O'MALLEY, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Imperium IP Holdings (Cayman), Ltd. brought this action in 2014 against Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (plus another Samsung entity that has since merged into one of those just named), which we refer to collectively as "Samsung." Imperium alleged infringement of three Imperium-owned patents: U.S. Patent Nos. 6,271,884; 7,092,029; and 6,836,290. The district court eventually entered a judgment of liability against Samsung based on a jury verdict. The court also concluded that Imperium was entitled to attorney's fees as a prevailing party under 35 U.S.C. § 285, *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-371, 2017 WL 4038883, at \*1 (E.D. Tex. Sept. 13, 2017), and later calculated the amount of fees and awarded them, *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-00371, 2018 WL 1602460 (E.D. Tex. Apr. 3, 2018). The present appeal is Samsung's appeal from the award of fees.

We reverse that award. Under § 285, a party may not be awarded fees unless it is "the prevailing party." 35 U.S.C. § 285. The district court found the "prevailing party" requirement met because "Imperium was successful in proving [Samsung] infringed asserted claims in the '884 and '029 Patents." *Imperium IP Holdings (Cayman), Ltd.*, No. 4:14-CV-371, 2017 WL 4038883, at \*2. Today, in a separate opinion, we reverse the judgment of liability against Samsung and affirm the judgment of no liability on the '290 patent. *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, Nos. 2017-2107, 2017-2133, slip op.

(Fed. Cir. Jan. 31, 2019).  Accordingly, Imperium is no longer the prevailing party, and we must reverse the award of attorney's fees at issue in this case.

## REVERSED